**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2009

No. 09-20122
Summary Calendar

Charles R. Fulbruge III
Clerk

N. MEZA

Plaintiff-Appellant

v.

MSC SHIP MANAGEMENT HK LTD.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-cv-2096

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is a negligence suit stemming from injuries sustained by Narcisco Meza while he was working as a longshoreman for James J. Flanagan Shipping Corporation ("Flanagan") on the deck of a cargo ship managed by MSC Ship Management HK Limited ("MSC"). While Meza was securing loaded cargo containers to the deck of the ship, he was struck by a metal piece of equipment known as a "twist-lock" that detached and fell from a container that was being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

loaded overhead by crane. Meza sued MSC for negligence under 33 U.S.C. § 905(b), a provision of the Longshore and Harbor Worker's Compensation Act. Meza alleges that MSC violated its "turnover duty," which essentially obligates a shipowner to: (1) turn over the ship and its equipment in reasonably safe condition; and (2) warn the stevedore of any non-obvious defects. *See Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98–99 (1994). It is undisputed that the twist-lock that struck Meza was provided by MSC to Flanagan, and was thus equipment of the ship subject to the turnover duty. The district court granted summary judgment in favor of MSC on the grounds that there was insufficient evidence to determine whether it was more likely that the twist-lock fell because it was defective, in which case MSC could be held liable, or because it was incorrectly attached by a Flanagan employee, in which case MSC could not be held liable. Meza appeals, arguing that the evidence is sufficient to show that it was more likely that the twist lock fell because it was defective, not because it was incorrectly attached by a Flanagan employee.

This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 149 (5th Cir. 2008); *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Meza asserts that the testimony given by Will Phillips, the foreman of the Flanagan stevedore crew at the time of the accident, demonstrates that the twist-lock was not incorrectly attached. Meza specifically cites two parts of

2

Phillips's testimony: (1) that the twist-lock that fell on Meza was attached by an experienced longshoreman who should have known whether the twist-lock was fastened correctly; and (2) that Phillips saw the twist-lock that fell on Meza being attached to the container from which it fell, and did not see anything indicating that the twist-lock was improperly attached. In addition to the testimony cited by Meza, Phillips also testified that he was not close enough to see for sure whether the twist-lock that struck Meza was properly attached, that Phillips never examined the twist-lock, that Phillips could not say for certain whether or not there was anything defective about the twist-lock, and that based on his experience as a longshoreman and what he saw on the day of the injury Phillips believed that the twist-lock most likely fell because it was not properly attached.

The testimony cited by Meza is not sufficient to raise a fact issue as to whether it was more likely that the twist lock fell because it was defective, and not because it was incorrectly attached by a Flanagan employee. In order to survive summary judgment, Meza was required to present evidence showing not only that it is *possible* that the twist lock fell because it was defective, but that the twist-lock *more likely than not* fell because it was defective. The Phillips testimony is evidence only that it is possible that the twist-lock fell because it was defective; it is not evidence that the twist-lock more likely than not fell because it was defective. We therefore hold that the district court did not err in granting summary judgment in favor of MSC. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1078–79 (5th Cir. 1994) (holding that summary judgment was appropriate because there was no evidence that any one of a number of

speculative theories of causation was most likely).  The judgment of the district court is AFFIRMED.